142 Nev., Advance Opinion 16

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| OUR NEVADA JUDGES, INC., A NEVADA NONPROFIT CORPORATION, Petitioner, vs. THE FIRST, SECOND, AND EIGHTH JUDICIAL DISTRICT COURTS OF THE STATE OF NEVADA, IN AND FOR THE COUNTIES OF CARSON CITY, WASHOE, AND CLARK, RESPECTIVELY; THE HONORABLE LYNNE K. JONES AND GREGORY G. GORDON, DISTRICT COURT JUDGES; AND THE HONORABLE EDMUND GORMAN, PROBATE COMMISSIONER, Respondents, and THE DOE 1 TRUST; DOES 1 THROUGH 9; STEVE EGGLESTON; CANDACE MCDONALD; MICHAEL MCDONALD; AND DEPARTMENT OF FAMILY SERVICES, CHILD SUPPORT SERVICES, CLARK COUNTY, NEVADA, Real Parties in Interest. | No. 89600  FILED FEB 26 2026 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |

Original petition for a writ of mandamus challenging district court orders denying certain media access requests in the First Judicial, Second Judicial, and Eighth Judicial District Courts.

*Petition denied.*

Luke A. Busby, Reno,
for Petitioner.

26-09012

Aaron D. Ford, Attorney General, Jessica E. Whelan, Chief Deputy Solicitor General-Litigation, and Sabrena K. Clinton, Senior Deputy Attorney General, Carson City,
for Respondent Judge Lynne K. Jones.

Gregory G. Gordon, District Judge, Clark County,
for Respondent Judge Gregory G. Gordon.

Leonard Law, PC, and Debbie Leonard, Reno,
for Respondent First Judicial District Court.

Brownstein Hyatt Farber Schreck, LLP, and Jordan T. Smith and Brianna Smith, Las Vegas; Solomon Dwiggins Freer & Steadman, Ltd., and Alex G. LeVeque, Alan D. Freer, and Dana A. Dwiggins, Las Vegas,
for Real Party in Interest Doe 9.

Steven B. Wolfson, District Attorney, and Amity C. Latham, Chief Deputy District Attorney, Clark County,
for Real Party in Interest Clark County Family Services.

Clark Hill PLLC and Paola M. Armeni, Las Vegas,
for Real Party in Interest Steve Eggleston.

Snell & Wilmer LLP and Kelly H. Dove, William E. Peterson, and Clark C. Knobel, Reno,
for Real Parties in Interest Does 3-8.

Maupin, Cox & LeGoy and Michaelle D. Rafferty, Rick R. Hsu, Christopher M. Stanko, and Michelle Mowry-Willems, Reno,
for Real Party in Interest Doe 1.

Pecos Law Group and Jack W. Fleeman, Henderson,
for Real Party in Interest Candace McDonald.

Robison, Sharp, Sullivan & Brust and Kent R. Robison, Reno,
for Real Party in Interest Doe 2.

Michael McDonald, White Hills, Arizona,
Pro Se.

---

BEFORE THE SUPREME COURT, PICKERING, CADISH, and LEE, JJ.

*OPINION*

PER CURIAM:

In this original proceeding seeking a writ of mandamus, petitioner Our Nevada Judges, Inc., a press organization, petitions the court "to provide clear direction to judges, court administrators, and court clerks on how to properly follow the United States Constitution, the Nevada Constitution, and Nevada's Rules for Sealing and Redacting Court Records (SRCR) such that the First Amendment right to access to Courts is preserved and available to the press and the public." In so doing, Our Nevada Judges challenges three distinct district court orders denying, in some fashion, access to the court proceedings in three unrelated cases instituted in three different district courts. We take this opportunity to clarify that disparate claims for writ relief cannot be joined in such a manner and deny the instant petition.

*PROCEDURAL HISTORIES*

In the Second Judicial District Court, Our Nevada Judges requested to access and video record the hearings in a trust case where the district court had previously entered an order sealing the court file and closing the hearings to the public; the request was denied. In the Eighth Judicial District Court, Our Nevada Judges requested that the confidential case file and docket in a termination of parental rights case be unsealed so

that upcoming hearings could be monitored, which was granted in part as to unsealing the docket index showing upcoming hearing dates and times, but denied as to unsealing the entire case record. And finally, in the First Judicial District Court, Our Nevada Judges sought to unseal the case file in an NRS Chapter 432B child protection case, which was granted to the extent that only certain information that SRCR 3(5) required to be available for public viewing was ordered unsealed. Our Nevada Judges filed a single petition for a writ of mandamus challenging the district courts' orders denying access to the sealed dockets and/or requests to electronically record hearing proceedings. It named as respondents the three district courts, two district judges, and a probate commissioner. Real parties in interest are the parties directly involved in each of the three cases. The petition seeks specific and distinctive relief against the judges in two of these cases, as well as an overarching writ directed to the court clerks in the First, Second, and Eighth Judicial District Courts concerning sealing practices in general.

At this point, the hearings that petitioner sought to access have already concluded, and, in some instances, the cases below are now closed. Certain real parties in interest have filed motions to dismiss the petition as moot, at least as to the matter involving them, or to sever the writ proceeding. We decline to reach those issues and deny the motions as moot, as we conclude that Our Nevada Judges improperly joined these matters into a single petition, precluding our review.

## DISCUSSION

Writ relief is an extraordinary remedy, and whether to entertain a writ petition on its merits lies solely within this court's discretion. *Smith v. Eighth Jud. Dist. Ct.*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991). A writ of mandamus is available to compel an act required by law and may be issued "where the lower court has manifestly

abused [its] discretion or acted arbitrarily or capriciously." *Walker v. Second Jud. Dist. Ct.*, 136 Nev. 678, 680, 476 P.3d 1194, 1196 (2020); *see also* NRS 34.160 ("The writ may be issued . . . to compel the performance of an act which the law enjoins as a duty resulting from an office, trust or station . . . ."). Additionally, "[t]his court has considered writ petitions when doing so will clarify a substantial issue of public policy or precedential value, and where the petition presents a matter of first impression and considerations of judicial economy support its review." *Washoe Cnty. Hum. Servs. Agency v. Second Jud. Dist. Ct.*, 138 Nev. 874, 876, 521 P.3d 1199, 1203 (2022) (internal quotation marks and citations omitted). Petitioners bear the burden of proving such intervention is necessary. *Pan v. Eighth Jud. Dist. Ct.*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

With limited exception, separate claims for writ relief cannot be joined in a single petition. *See* Thomas Carl Spelling, *Treatise on Injunctions and Other Extraordinary Remedies Covering Habeas Corpus, Mandamus, Prohibition, Quo Warranto, and Certiorari or Review* § 1656, at 1428 (2d ed. 1901) ("Separate claims against a state officer cannot be joined in an application for a mandamus."). One such exception is that claims arising out of the same transaction or connected with the same subject matter may be joined if permitted by court rule or statute. *See, e.g.*, NRCP 18. But even then, when granting writ relief on such claims would require mandating officials to take actions that do not relate to each other, joinder is not appropriate. *See* Spelling, *supra*, at 1428 ("[U]nder a code provision that causes of action arising out of the same transaction, or transactions connected with the same subject, may be joined, a[ ] [writ of mandamus] to the board of commissioners to canvass the petition of the taxpayers of one

township for an election in aid of a railroad, and to fix the date of election in several others, is bad for misjoinder.").

Our Nevada Judges filed this petition for a writ of mandamus "seek[ing] a writ to three Courts on the same essential grounds," combining separate claims against different state officers into one petition under an overarching argument that "[t]he unilateral sealing policies of court clerks have created an unconstitutional system of secret proceedings." As an initial matter, Our Nevada Judges fails to provide any authority that supports such a combined petition and merely asserts that the combined petition "promotes judicial economy." *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court."). Moreover, the type of relief sought and granted or denied below differs between each case, and the statutes and confidentiality requirements that apply to the proceedings—a trust case, a termination of parental rights case, and a child protection case—are distinct, *see, e.g.*, NRS 164.041 (addressing confidentiality and sealing in trust cases); NRS 128.090 (addressing confidentiality and sealing in termination of parental rights cases); NRS 432B.280 (addressing confidentiality in child protection cases); NRS 432B.430 (addressing closure of proceedings in child protection cases), making this court's combined review difficult.

When considering the public's access to the courts and whether to order closure of any proceeding, the district court is compelled to engage in individualized, "thoughtful, reasoned judicial decision-making . . . in identifying the compelling interests at stake." *Falconi v. Eighth Jud. Dist. Ct.*, 140 Nev. 79, 87, 543 P.3d 92, 99 (2024). The personal interests at stake

are necessarily particular to each real party in interest, and the public interest will vary by case type as well. Individualized decisions by the district court require individualized review by the appellate court. Filing a single petition here detracts from the purpose of the writ—to compel performance of an act that the law enjoins—as the district court's decisions regarding confidentiality and sealing of civil proceedings will necessarily differ by case type and Our Nevada Judges argues different actions are required of the different judges and clerks below. *See* NRS 34.160; *cf. Morneault v. Eighth Jud. Dist. Ct.*, No. 83580, 2021 WL 4947888, *1 (Oct. 22, 2021) (declining to join writ petitions where the petitioners sought different relief).

## CONCLUSION

Our Nevada Judges has not demonstrated that the claims raised in this petition should be considered together in a single petition. *Pan*, 120 Nev. at 228, 88 P.3d at 844. Therefore, the petition is denied.

_____, J.
Pickering

_____, J.
Cadish

_____, J.
Lee